UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ARGONAUT INSURANCE COMPANY,

        Plaintiff,

vs.

MANETTA ENTERPRISES, INC.,

        Defendant.

**COMPLAINT**

JURY TRIAL DEMANDED

Civil Action No. 1:19-cv-00482

---

Plaintiff Argonaut Insurance Company ("AIC"), by their attorneys Ward Greenberg Heller & Reidy LLP, as and for its Complaint against defendant Manetta Enterprises, Inc. ("Manetta"), states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) by reason of the diversity of citizenship of the parties and the fact that the amounts in controversy exceed the sum of $75,000 exclusive of costs. This is an action for damages based upon breach of contract.

2. At all times hereinafter mentioned, Argonaut Insurance Company ("AIC") was, and still is, an insurance company organized under the laws of the State of Illinois, with its principal place of business located at 175 East Houston Street, San Antonio, Texas 78205.

3. Upon information and belief, at all times hereinafter mentioned, Manetta Enterprises, Inc. ("Manetta") was, and still is, a corporation organized pursuant to the laws of the State of New York, with its principal place of business located at 4417 54th Drive, Maspeth, New York 11378.

4. Upon information and belief, at all times hereinafter mentioned, defendant was, and still is, engaged in the business of construction, reconstruction, repair or the erection of buildings and other structures and infrastructure in New York.

5. Venue is appropriate in the United States District Court for the Eastern District pursuant to 28 U.S.C. § 1391.

## SUBSTANTIVE ALLEGATIONS

6. At the specific instance and request of Manetta, AIC issued Commercial General Liability policy, No. 103 GL 0015172-00, with a policy period of August 15, 2016 to August 15, 2017 to Manetta as a Named Insured (the "2016-2017 Policy").

7. Manetta's premium obligation for the 2016-2017 Policy is determined, in part, based upon the insured's gross sales during the policy period and the class codes.

8. Pursuant to the terms of the 2016-2017 Policy, the premium due is adjusted by a premium audit that is performed after the policy period to take into account Manetta's gross sales during the policy period and the additional earned premium is calculated based on the elements listed in the 2016-2017 Policy's Declarations.

9. Pursuant to a premium audit endorsement, Manetta was responsible for the payment for the Total Premium, which is an estimated advance premium, and any additional earned premium that is determined by the premium audit for the 2016-2017 Policy.

10. At the specific instance and request of Manetta, Colony Insurance Company issued Commercial General Liability policy, No. 103 GL 0015172-01, with a policy period of August 15, 2017 to August 15, 2018 to Manetta as a Named Insured (the "2017-2018 Policy") on August 21, 2017.

11. The 2017-2018 Policy was re-issued by AIC on September 25, 2017 due to a technical error as the 2017-2018 Policy should have been issued by AIC in the first instance.

12. Manetta's premium obligation for the 2017-2018 Policy is determined, in part, based upon the insured's gross sales during the policy period and the applicable class codes.

13. Pursuant to the terms of the 2017-2018 Policy, the premium due is adjusted by a premium audit that is performed after the policy period to take into account Manetta's gross sales during the policy period and the additional earned premium is calculated based on the elements listed in the 2017-2018 Policy's Declarations.

14. Pursuant to Audit Endorsement #7, Manetta was responsible for the payment for the Total Premium, which is an estimated advance premium, and any additional earned premium that is determined by the premium audit for the 2017-2018 Policy.

15. Pursuant to Endorsement #6 of 2017-2018 Policy, the policy's class code was amended for an additional premium of $549,000.00.

16. On May 21, 2018, the 2017-2018 Policy was cancelled due to Manetta's nonpayment of premium.

## COUNT I
### (Breach of Contract – 2016-2017 Policy)

17. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "16" of this Complaint as though fully set forth at length herein.

18. The 2016-2017 Policy constitutes a valid and enforceable contract between AIC and Manetta.

19. AIC performed all of its obligations owed to Manetta under the applicable terms and conditions of the 2016-2017 Policy.

20. On or about January 19, 2018, AIC issued Audit Endorsement #2 to Manetta under the applicable terms and conditions of the 2016-2017 Policy.

21. On the basis of Audit Endorsement #2, Manetta was determined to owe an additional earned premium in the amount of $624,956.00 for the 2016-2017 Policy.

22. The Audit Endorsement #2 was issued to Manetta, seeking payment of the $624,956.00 of additional earned premium then due and owing to AIC under the 2016-2017 Policy.

23. Although duly demanded, Manetta failed and refused to pay the $624,956.00 in outstanding additional earned premium then due and owing to AIC under the 2016-2017 Policy.

24. By reason of the foregoing, Manetta breached the 2016-2017 Policy, and AIC has sustained damages in the sum of $624,956.00, plus interest, costs, expenses and attorneys' fees thereon.

## COUNT II
### (Unjust Enrichment – 2016-2017 Policy)

25. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "24" of this Complaint as though fully set forth at length herein.

26. Manetta has been unjustly enriched to the detriment of and at the expense of AIC by receiving the full benefit of the insurance coverage and services provided by AIC under the 2016-2017 Policy.

27. The principles of equity and good conscience dictate that Manetta should not be permitted to retain the benefit of the insurance coverage and services provided by AIC without rendering payment to AIC for said coverages and services.

28. AIC is thus entitled to payment in full from Manetta in accordance with the 2016-2017 Policy.

29. By reason of the foregoing, AIC is entitled to judgment against Manetta in the amount of $624,956.00 under the 2016-2017 Policy, plus interest, costs, expenses and attorneys' fees thereon.

## COUNT III
**(Breach of Contract – 2017-2018 Policy)**

30. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "29" of this Complaint as though fully set forth at length herein.

31. The 2017-2018 Policy constitutes a valid and enforceable contract between AIC and Manetta.

32. AIC performed all of its obligations owed to Manetta under the applicable terms and conditions of the 2017-2018 Policy.

33. Manetta failed to perform or substantially perform its obligations under the 2017-2018 Policy by failing to, *inter alia*, make timely premium payments upon demand as required under the 2017-2018 Policy.

34. Although duly demanded, Manetta failed and refused to pay AIC the full estimated advance premium of $798,300.00 then due and owing to AIC under the 2017-2018 Policy.

35. By reason of the foregoing, Manetta breached the 2017-2018 Policy, and AIC has sustained damages in the sum of $319,320.00, plus interest, costs, expenses and attorneys' fees thereon.

## COUNT IV
**(Breach of Contract – 2017-2018 Policy)**

36. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "35" of this Complaint as though fully set forth at length herein.

5

37. The 2017-2018 Policy constitutes a valid and enforceable contract between AIC and Manetta.

38. On or about August 15, 2017, AIC issued Endorsement #6 for the 2017-2018 Policy to Manetta for an additional premium in the amount of $549,000.00.

39. AIC performed all of its obligations owed to Manetta under the terms and conditions of the 2017-2018 Policy, including under Endorsement #6.

40. As a result of Endorsement #6, Manetta owed additional premium in the amount of $549,000.00 for the 2017-2018 Policy.

41. Although duly demanded, Manetta failed and refused to pay the $549,000.00 in outstanding additional premium for Audit Endorsement #6, then due and owing to AIC under the 2017-2018 Policy.

42. By reason of the foregoing, Manetta breached the 2017-2018 Policy, and AIC has sustained damages in the sum of $549,000.00, plus interest, costs, expenses and attorneys' fees thereon.

## COUNT V
### (Breach of Contract – 2017-2018 Policy)

43. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "42" of this Complaint as though fully set forth at length herein.

44. The 2017-2018 Policy constitutes a valid and enforceable contract between AIC and Manetta.

45. AIC performed all of its obligations owed to Manetta under the applicable terms and conditions of the 2017-2018 Policy.

46. On or about October 10, 2018, AIC issued Audit Endorsement #8 to Manetta under the applicable terms and conditions of 2017-2018 Policy.

47. On the basis of Audit Endorsement #8, Manetta was determined to owe an additional earned premium in the amount of $413,901.00 for the 2017-2018 Policy.

48. Audit Endorsement #8 was issued to Manetta, seeking payment of the $413,901.00 in additional earned premium then due and owing to AIC under the 2017-2018 Policy.

49. On or about October 24, 2018, Jan Marcus, Manetta's General Counsel, acknowledged, in writing, that Manetta accepted the results of the premium audit.

50. Although duly demanded, Manetta failed and refused to pay the $413,901.00 in outstanding additional earned premium then due and owing to AIC under the 2017-2018 Policy.

51. By reason of the foregoing, Manetta breached the 2017-2018 Policy, and AIC has sustained damages in the sum of $413,901.00, plus interest, costs, expenses and attorneys' fees thereon.

## COUNT VI
**(Unjust Enrichment – 2017-2018 Policy)**

52. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "51" of this Complaint as though fully set forth at length herein.

53. Manetta has been unjustly enriched to the detriment of and at the expense of AIC by receiving the full benefit of the insurance coverage and services provided by AIC under the 2017-2018 Policy.

54. The principles of equity and good conscience dictate that Manetta should not be permitted to retain the benefit of the insurance coverage and services provided by AIC without rendering payment to AIC for said coverages and services.

55. AIC is thus entitled to payment in full from Manetta in accordance with the 2017-2018 Policy.

56. By reason of the foregoing, AIC is entitled to judgment against Manetta in the amount of $1,282,221.00 under the 2017-2018 Policy, plus interest, costs, expenses and attorneys' fees thereon.

WHEREFORE, plaintiff Argonaut Insurance Company demands judgment as follows:

(a) On Count I, in favor of plaintiff Argonaut Insurance Company and against defendant Manetta Enterprises, Inc. in the sum of $624,956.00 under the 2016-2017 Policy, plus interest, costs, expenses and attorneys' fees thereon;

(b) On Count II, in favor of plaintiff Argonaut Insurance Company and against defendant Manetta Enterprises, Inc. in the sum of $624,956.00 under the 2016-2017 Policy, plus interest, costs, expenses and attorneys' fees thereon;

(c) On Count III, in favor of plaintiff Argonaut Insurance Company and against defendant Manetta Enterprises, Inc. in the sum of $319,320.00 under the 2017-2018 Policy, plus interest, costs, expenses and attorneys' fees thereon;

(d) On Count IV, in favor of plaintiff Argonaut Insurance Company and against defendant Manetta Enterprises, Inc. in the sum of $549,000.00 under the 2017-2018 Policy, plus interest, costs, expenses and attorneys' fees thereon;

(e) On the Count V, in favor of plaintiff Argonaut Insurance Company and against defendant Manetta Enterprises, Inc. in the sum of $413,901.00 under the 2017-2018 Policy, plus interest, costs, expenses and attorneys' fees thereon

(f) On Count VI, in favor of plaintiff Argonaut Insurance Company and against defendant Manetta Enterprises, Inc. in the sum of $1,282,221.00 under the

2017-2018 Policy, plus interest, costs, expenses and attorneys' fees thereon; and

(g) Together with the costs and disbursements of this action, and such other and further relief as this Court deems just and proper.

Dated: January 24, 2019

By:    s/ Jeffrey D. Casey
Jeffrey D. Casey
jcasey@wardgreenberg.com

WARD GREENBERG HELLER & REIDY LLP
1800 Bausch & Lomb Place
Rochester, New York  14604
Telephone:  (585) 454-0700
Facsimile:  (585) 423-5910