UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ARGONAUT INSURANCE COMPANY,

                Plaintiff,

    - against -

MANETTA ENTERPRISES, INC.,

                Defendant.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
19-CV-00482 (PKC) (RLM)

PAMELA K. CHEN, United States District Judge:

    A bench trial solely on the issue of damages in this breach of contract matter is expected to last two or three days and was scheduled to begin on June 29, 2020. (Apr. 15, 2020 Order.) Anticipating that the courthouse might not be fully operational by June 29, 2020, the Court solicited the parties' positions on conducting the bench trial via video-conference. (June 1, 2020 Order.) Plaintiff Argonaut Insurance Company has no objection to a video-conference trial. (Dkt. 38.) Defendant Manetta Enterprises, Inc. ("MEI"), however, objects to conducting the trial via video-conference for a variety of reasons and asks that "the trial proceed at such time as the parties may appear in person before the Court." (Dkt. 39, at 2.) The Court denies Defendant's request not to conduct the bench trial via video-conference, but, in order to allow Defendant time to address its concerns about proceeding in this manner, adjourns trial until August 24, 2020.

    Although Federal Rule of Civil Procedure ("FRCP") 43 generally provides that "[a]t trial, [a] witness['s] testimony must be taken in open court," it also provides that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). Using the discretion afforded by FRCP 43(a), courts have allowed testimony to be presented at trial via video-conference where there existed "good cause and compelling circumstances" to do so. *See,*

1

*e.g.*, *Lopez v. Miller*, 915 F. Supp. 2d 373, 396 n.9 (E.D.N.Y. 2013) (allowing video-conference testimony from witness who could not legally enter the United States); *Angamarca v. Da Ciro, Inc.*, 303 F.R.D. 445, 447 (S.D.N.Y. 2012) (noting that "[t]he legal infeasibility of attending a deposition or trial in person because of one's immigration status rises to the level of compelling circumstances"); *see also Thomas v. Anderson*, 912 F.3d 971, 977 (7th Cir. 2018) (finding that district court judge was "well within his discretion" in allowing video testimony by nonparty inmate witness); Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment ("The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place."). Furthermore, "[t]he Court's discretion on this question is supplemented by its 'wide latitude in determining the manner in which evidence is to be presented' under the Federal Rules of Evidence." *In re RFC & ResCap Liquidating Tr. Action* ("*RFC*"), __ F. Supp. 3d __, 2020 WL 1280931, at *2 (D. Minn. Mar. 13, 2020) (quoting *Parkhurst v. Belt*, 567 F.3d 995, 1002 (8th Cir. 2009)). Indeed, in *RFC*, the district court held that the COVID-19 pandemic and its impact on the parties' and witnesses' ability to appear in-person in court constituted "good cause and compelling circumstances" under FRCP 43(a) to permit defense witnesses to testify at a bench trial via video-conference. 2020 WL 1280931, at *3–4.[1] Despite recognizing the ways in which "trial by videoconference is certainly not the same as conducting a trial where witnesses testify in the same room as the factfinder," the district court found that "[s]till, advances in technology minimize these concerns." *Id.* at *2. The *RFC* court also found that the health risk presented by COVID-19 was a compelling circumstance that justified allowing the

---

[1] In *RFC*, the concerns about the COVID-19 pandemic occurred near the conclusion of a bench trial that had begun on February 10, 2020, and was scheduled to resume on March 12, 2020, with the presentation of two defense witnesses and closing arguments the next day. *Id.* at *1.

2

defense witnesses to testify remotely, and that "appropriate safeguards" could be established to ensure, *inter alia*, the "'accurate transmission' of the contents of the witnesses' testimony." *Id*. at *4 (citation omitted). Lastly, the court found that "the use of 'contemporaneous transmission' for remote testimony is absolutely preferable over 'an attempt to reschedule the trial.'" *Id*. (citing FRCP 43(a) advisory committee's note to 1996 amendment).

The same circumstances and reasoning apply here to justify the Court's exercise of its discretion to hold the bench trial via video-conference. This case has been pending for approximately 18 months. (*See* Complaint, Dkt. 1 (filed on January 24, 2019).) Defendant has conceded liability (*see* Answer, Dkt. 6), and the parties have agreed to a bench trial on damages (Dkt. 23; Jan. 17, 2020 Minute Entry). The bench trial is expected to last only two-to-three days, and the only issue to be litigated at trial concerns how much Defendant owes Plaintiff in unpaid insurance premiums. Trial was originally scheduled to begin on April 6, 2020 (Jan. 17, 2020 Minute Entry), and the parties have already submitted their trial briefs and motions *in limine* (Dkts. 24, 25, 33, 34). All that remains is to try the damages portion of the case before the Court.

The courthouse in this district has been shut down, in effect, since March 16, 2020, due to restrictions on non-essential travel and operations in New York City. There is currently no plan to reopen the courthouse, and, when reopening occurs, it is likely to be in phases that will prioritize criminal over civil matters. Thus, the Court cannot predict when the parties will be able to "appear in person" for a bench trial. (Dkt. 39, at 2.)

The Court finds that the COVID-19 pandemic, and the months' long delay it has caused—indeed, continues to cause—in all court proceedings, constitutes "good cause and compelling circumstances" to hold the bench trial in this matter via video-conference. As in *RFC*, this Court finds that it is "absolutely preferable" to conduct the bench trial via such "contemporaneous

transmission," as permitted by FRCP 43(a), rather than to delay the trial indefinitely. The short duration of the trial, and the limited nature of the issues to be tried and testimony to be presented, reinforce this conclusion. Furthermore, the Court anticipates that, once the courthouse is fully reopened, the Court will be faced with a backlog of primarily criminal matters, which will further complicate scheduling of the bench trial in this matter and needlessly burden the Court's schedule and resources at that time.

The Court is also not persuaded by the reasons proffered by Defendant in opposition to a video-conference trial. First, Defendant claims that due to the pandemic, MEI's attorneys have been prevented from "meeting and having full access to all files and other preparatory materials." (Dkt. 39, at 1.) This assertion rings hollow, however, given that in the midst of the pandemic, the parties submitted their respective trial briefs and motions *in limine*, which were presumably based on their review of the relevant trial materials. (*See* Dkts. 27–34 (filed between March 23–30, 2020).) Defense counsel also fails to explain why they do not have, or cannot obtain, access to their discovery materials, and why it is necessary for MEI's office to be open in order to prepare for trial. Furthermore, MEI and their counsel can certainly "meet" via video or phone to prepare for trial, *e.g.*, by reviewing documents via video-conference. Indeed, the Court assumes that the defense did so to prepare their trial brief and motions *in limine*.

Second, defense counsel claims that "[e]ven if MEI's office becomes accessible at the point that the stay-at-home order is lifted or lessened, the Defendant is not set up with the necessary electronic equipment to participate in an entire trial via video conference." (Dkt. 39, at 1.) The Court does not know what to make of this statement. All that is required to participate in a trial by video-conference is a computer and Internet access—which the Court presumes that MEI or its officers have in their homes. While defense counsel asserts that it will need to procure equipment

if trial is conducted via video-conference, they fail to explain what that equipment is. The Court also does not credit defense counsel's hyperbolic assertion that "MEI is not set up for that kind of video communication, nor does the principal of the company have any expertise in using such equipment (nor does the undersigned counsel)." (*Id.*) The technology used for video-conferencing is straightforward, easy to use, and will likely only require the principal (and defense counsel) to click on a link in an email for access to the proceedings.[2] Thus, the Court does not find this unexplained equipment deficit to be a legitimate impediment to conducting trial remotely.

Third, defense counsel asserts that "video conference platforms Skype and Zoom routinely have both audio and video glitches, and poor sound or visual quality can negatively affect the Defendant's presentation to the Court." (*Id.*) The Court does not find that the occasional technical "glitch" that can occur with video-conferencing software—which can be addressed by the Court and parties if or when it occurs—is a sufficient reason not to use video-conferencing for trial and does not justify postponing the trial indefinitely. Moreover, the bench trial in this matter will not be conducted over either Skype or Zoom, given the software currently in use by the courthouse.[3]

Fourth, defense counsel raises various objections based on a third-party witness having to testify from home instead of a business setting and the lawyers being impaired in their ability to examine and cross-examine witnesses. The Court does not find any of these objections sufficient to outweigh the value of conducting the trial in an expeditious manner. As noted in *RFC*, though

---

[2] Defense counsel also inexplicably claims that conducting the trial via video-conference will require procurement of equipment that "forc[es] unanticipated expenditures[.]" (Dkt. 39, at 1.) This statement is also hyperbolic. Defendant at most will need a computer with a functional camera and the ability to download a free software package.

[3] However, though the Court does not use Skype or Zoom for its video proceedings, it will not be necessary for the parties or witnesses to purchase any special equipment or software to access the platform used by the Court.

5

"virtual reality is rarely a substitute for actual presence," 2020 WL 1280931, at *2 (quoting *United States v. Lawrence*, 248 F.3d 300, 304 (4th Cir. 2001)), "[t]he near-instantaneous transmission of video testimony through current technology permits . . . the Court to see the live witness along with his hesitation, his doubts, his variations of language, his confidence or precipitancy, and his calmness or consideration," *id*. (alterations omitted) (quoting *In re Vioxx Prods. Litig.*, 439 F. Supp. 2d 640, 644 (E.D. La. 2006)). While defense counsel argues that being able to "conduct a face-to-face cross-examination of the Plaintiff and Plaintiff's witnesses is an essential part of the Defendant's ability to put forward its best case and effect the best presentation before the Court" (Dkt. 39, at 2), the parties will be in the same position in this regard, and the video-conferencing format does not favor one party over the other with respect to the presentation, or cross-examination, of witnesses.

Lastly, Defendant's argument that "[i]t would not require a delay of great length to reschedule the trial for a date when the parties may appear in person" (*id.*) simply ignores the reality of the current pandemic situation, which has made the prospect of a full reopening of the courthouse and the resumption of normal activities unpredictable at best.

Accordingly, the Court exercises its discretion under FRCP 43(a) to order that the bench trial in this matter be conducted via video-conference. However, in light of Defendant's concerns about proceeding in this fashion, and in order to allow Defendant additional time to prepare for a video-conference trial, the Court adjourns trial until August 24, 2020.

                SO ORDERED.

                /s/ Pamela K. Chen
                Pamela K. Chen
                United States District Judge

Dated: June 11, 2020
   Brooklyn, New York