UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
ARGONAUT INSURANCE COMPANY,

                              Plaintiff,

                                                      **MEMORANDUM & ORDER**
            - against -                                   19-CV-482 (PKC) (RLM)

MANETTA ENTERPRISES, INC.,

                              Defendant.
--------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

Plaintiff Argonaut Insurance Company ("Argonaut" or "Plaintiff") moves to compel production of certain materials from Defendant Manetta Enterprises, Inc. ("MEI" or "Defendant") in connection with efforts to enforce a judgment that this Court entered against Defendant in January 2021.  The motion to compel is granted as described below.

## BACKGROUND

On January 19, 2021, this Court awarded Plaintiff a judgment against Defendant in a total amount of $2,481,683.44 (the "Judgment").  (Dkt. 59.)  On January 27, 2021, counsel for Defendant informed Plaintiff's counsel that Defendant did not have any assets to satisfy the Judgment and did not intend to pay.  (Declaration of Edward A. Greenberg ("Greenberg Decl."), Dkt. 68-3, ¶ 6.)  Accordingly, on February 19, 2021, after the 30-day stay on execution of the Judgment expired, *see* Fed. R. Civ. P. 62(a), Plaintiff served Defendant with post-judgment discovery demands, including a subpoena duces tecum (the "Subpoena"), in an effort to determine if Defendant had concealed or transferred assets to avoid satisfying the Judgment.  (Greenberg Decl., Dkt. 68-3, ¶¶ 8–9; *see also* Subpoena, Dkt. 68-5.)

Although Defendant generally objected to the Subpoena, it began producing responsive documents on or about March 22, 2021, and continued to do so slowly on a rolling basis over the next several weeks. (*See* Greenberg Decl., Dkt. 68-3, ¶ 10; Defendant's Response to Subpoena ("Subpoena Resp."), Dkt. 68-7.) Notably, on May 20, 2021, Defendant produced copies of its general ledger for years 2016 through 2020 (the "General Ledger"). (Greenberg Decl., Dkt. 68-3, ¶ 17; *see also* Dkt. 68-11 (exhibit of over 600 pages containing the General Ledger).) Despite this ostensible effort at responding to the Subpoena and Plaintiff's other discovery requests, Defendant has not produced various materials requested in the Subpoena, including supporting documentation for the transactions listed in the General Ledger. (*See* Greenberg Decl., Dkt. 68-3, ¶¶ 11–12.)

Plaintiff's counsel has had at least two phone conversations with Defendant's outside counsel, Andrea Marcus, and Defendant's General Counsel, Jan Marcus, to discuss and try to resolve the discovery issues. (*Id.* ¶ 13.) Counsel have also exchanged several written communications. (*See generally id.* ¶¶ 13–20.) For example, after Defendant produced the General Ledger on May 20, 2021, Plaintiff's counsel responded by letter on the same day to confirm that Defendant would supplement its production with backup documentation for transactions identified therein. (*See* Plaintiff's May 20, 2021 Letter, Dkt. 68-12, at 1–2 ("Please confirm by May 21, 2021 that MEI will produce the backup documentation, including copies of checks, receipts, credit card statements, invoices, and any other evidence substantiating the business purpose of the transactions identified in the [G]eneral [L]edger.").) On June 1, 2021, Defendant's counsel responded that it would "shortly" produce backup documentation for years 2018 onward. (*See* Defendant's June 1, 2021 Letter, Dkt. 68-13, at 2.) Yet, as of June 24, 2021,

when Plaintiff served the instant motion, Defendant had not produced any supporting documentation for the General Ledger.  (*See* Greenberg Decl., Dkt. 68-3, ¶ 20.)

Defendant admits that it has at times made "unintended overly optimistic representation[s]" to Plaintiff regarding the timeframe for producing responses.  (Declaration of Jan A. Marcus ("J. Marcus Decl."), Dkt. 69-1, ¶ 14.)  By way of explanation, Defendant represents that it "totally shut down" business operations in October 2019, and since then, it "has not received any income" for the most part and "has been hanging on with a skeletal staff and often no employees."  (*Id.* ¶¶ 5–6.)  In the last several months, Defendant "anticipated" reopening its business and/or "rehiring [] employees who could be utilized to assist in" responding to Plaintiff's discovery requests, but those plans did not come to fruition.  (*Id.* ¶ 14.)

On May 14 and June 22, 2021, the Court received letters from Plaintiff indicating that Plaintiff was planning to file a post-judgment discovery motion.  (*See* Dkts. 62, 63.)  On June 24, 2021, Plaintiff submitted, and the Court so ordered, a joint briefing schedule with respect to the present motion to compel.  (*See* Dkt. 64; 6/24/2021 Docket Order.)  Plaintiff served the motion on the same day.  (*See* Dkt. 65.)  Defendant served a response on July 16, 2021 (*see* Dkt. 66), and Plaintiff replied on July 23, 2021 (*see* Dkt. 67).

Plaintiff's motion seeks to compel Defendant to produce three categories of materials: (1) "any and all supporting documentation for the transactions identified" in the General Ledger; (2) "any electronic backup of accounting entries or electronic files used by or on behalf of MEI since January 1, 2016"; and (3) "copies of bank statements since January 1, 2016 for all bank accounts in which MEI has an interest, including but not limited to accounts ending in 4812, 4758,

9150 and 9311."[1]  (Greenberg Decl., Dkt. 68-3, ¶ 22.)  Defendant "has no genuine dispute with the fact that Plaintiff is entitled to see back-up information for the general ledgers, or to see remaining bank statements of MEI," but avers that it "will continue to take time" to fulfill these requests.  (J. Marcus Decl, Dkt. 69-1, ¶ 16.)  Defendant objects to producing electronic backups of its accounting software, arguing that the General Ledger and the supporting documentation "contains [*sic*] the same information."  (*Id.* ¶ 18.)

## DISCUSSION

### I.    Legal Standard

Rule 69 of the Federal Rules of Civil Procedure provides that, "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located."  Fed. R. Civ. P. 69(a)(2).  "Discovery of a judgment debtor's assets is conducted routinely" under this rule.  *First City, Texas Houston, N.A. v. Rafidain Bank*, 281 F.3d 48, 54 (2d Cir. 2002) (citations omitted).  Indeed, the Second Circuit has noted that "the judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor."  *Id.* (quoting *Caisson Corp. v. County West Bldg. Corp.*, 62 F.R.D. 331, 334 (E.D. Pa. 1974)); *see also Libaire v. Kaplan*, 760 F. Supp. 2d 288, 293 (E.D.N.Y. 2011) (observing that "the scope of post-judgment discovery is broad, and a judgment creditor is entitled to a very thorough examination of a judgment debtor with respect to its assets." (internal quotation marks, alterations, and citations omitted)).  By the express terms of Rule 69, "[a] judgment creditor may

---

[1]  Plaintiff's motion originally sought also to compel production of "a copy of any lease agreement between MEI and R&L Properties, LLC."  (Greenberg Decl., Dkt. 68-3, ¶ 22.)  But Defendant produced this material in responding to Plaintiff's motion, and, therefore, this category of documents is no longer at issue.  (*See* Plaintiff's Reply, Dkt. 70, at 3 n.4.)

rely on federal or state discovery procedures in order to obtain information relevant to the satisfaction of a judgment." *Fed. Ins. Co. v. CAC of NY, Inc.*, No. 14-CV-4132 (DRH) (SIL), 2015 WL 5190850, at *2 (E.D.N.Y. Sept. 4, 2015) (citation omitted); *see also* Fed. R. Civ. P. 69(a)(2).

In New York, at "any time before a judgment is satisfied or vacated," a judgment creditor "may compel disclosure of all matter relevant to the satisfaction of the judgment, by serving upon any person a subpoena[.]"[2]  N.Y. C.P.L.R. § 5223; *see also Vicedomini v A.A. Luxury Limo Inc.*, No. 18-CV-7467 (LDH) (RLM), 2021 WL 620932, at *1 (E.D.N.Y. Feb. 17, 2021).  This is "a broad criterion authorizing investigation through any person shown to have any light to shed on the subject of the judgment debtor's assets or their whereabouts." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) (quoting David D. Siegel, *New York Practice* § 509 (5th ed. 2011)).

Thus, "broad post-judgment discovery in aid of execution is the norm in federal and New York state courts." *Id.*  "Of course, as in all matters relating to discovery, the district court has broad discretion to limit discovery in a prudential and proportionate way." *Id.* (citations omitted).

## II.  Supporting Documentation for General Ledger Transactions

Defendant "has no genuine dispute" with Plaintiff's request for backup documentation with respect to transactions identified in the General Ledger.  (J. Marcus Decl, Dkt. 69-1, ¶ 16.) Defendant, however, avers that the requested backup materials "involve thousands of documents," and because "the work force is simply not available at present to fulfill such a herculean task," it "will continue to take time" to fulfill.  (*Id.*)  Overall, Defendant claims that "it is doing the best it

---

[2]  "New York law allows a judgment creditor to serve three different types of subpoenas—deposition subpoenas, subpoenas duces tecum, and information subpoenas—on judgment debtors and garnishees alike." *Eitzen Bulk A/S v. Bank of India*, 827 F. Supp. 2d 234, 238 (S.D.N.Y. 2011) (citing N.Y. C.P.L.R. § 5224(a)(1)–(4)).

can with the resources available." (*Id.* ¶ 12; *see also id.* ¶ 19 (reiterating that Defendant "is doing its best under very trying circumstances").)

These excuses ring hollow.  Defendant has had almost six months to respond to the Subpoena, which was served on February 19, 2021, and it has been almost three months since Defendant produced the General Ledger.  (*See* Greenberg Decl., Dkt. 68-3, ¶¶ 8, 17–18.)  Yet, it appears Defendant has not produced any backup documentation, even though on June 1, 2021, it represented that it could "begin to produce such documents for the year[s] 2018–2021 shortly." (*See id.* ¶ 20; Defendant's June 1, 2021 Letter, Dkt. 68-13, at 2.)  The Court understands to some extent that Defendant may be facing difficult circumstances, but at the same time, the Court cannot allow Defendant to exploit such difficulties to thwart Plaintiff's efforts at enforcing the Judgment. Although Defendant highlights the "sad reality" that its business operations have been shut down since October 2019 and argues that "Plaintiff seems purposely blind to the realities of a non-active business" (J. Marcus Decl., Dkt. 69-1, ¶¶ 5, 12), it is also a reality that Defendant failed to make obligatory premium payments to Plaintiff on two commercial general liability insurance policies, decided to go to trial when Plaintiff brought this action to recover the outstanding premium payments, and now faces a more than $2.4 million judgment against it.  In light of the history and circumstances of this case, Defendant's explanation as to why it must delay production of material that it concedes is highly relevant to Plaintiff's ability to enforce the Judgment is not persuasive.

Additionally, even if the requested supporting documentation here is voluminous, there is no reason Defendant cannot begin to produce *some* of these documents promptly.  Plaintiff has identified certain categories of transactions where supporting documentation is especially needed to determine the source of the funds and whether there is a legitimate business purpose for the

transaction.  (*See* Declaration of Howard M. Silverstone, Dkt. 68-2, ¶ 6.)  These categories of transactions are:

- "Payments recorded as officer loans," many of which appear to be for "personal expenses, including payments to marinas and classic car dealers."  (*Id.*)

- "Deposits with no description."  (*Id.*)

- "Payments to Manco Equipment Rental and Manco Enterprises of NY."  (*Id.*)

- "Transactions with description 'Withdrawal.'"  (*Id.*)

- "Deposits from Manco Equipment Rental."  (*Id.*)

- "Payments to AMEX."  (*Id.*)

Accordingly, Defendant is ordered to produce backup documentation with respect to these specific categories of transactions on the General Ledger, and to do so within twenty-one (21) days.  Defendant shall produce the remainder of the requested backup documentation for transactions on the General Ledger within sixty (60) days.

## III.     Bank Statements

As with the General Ledger transactions, Defendant "has no genuine dispute" with Plaintiff's demand for remaining bank statements.  (J. Marcus Decl., Dkt. 69-1, ¶ 16.)  These include statements for two accounts at Signature Bank with account numbers ending in 4812 and 4758, as well as two Chase Bank accounts ending in 9150 and 9311.  (Plaintiff's Memorandum of Law ("Pl.'s Mem."), Dkt. 68-1, at 10.)  Defendant represents that producing the remaining bank statements "is not as daunting a task" as producing the backup documentation, and it "hopes to soon begin to satisfy that request."  (J. Marcus Decl., Dkt. 69-1, ¶ 17.)  Accordingly, Defendant shall produce all requested bank statements not yet produced within twenty-one (21) days.

## IV.    Accounting Software File

The final category of materials at issue are backup files, in native format, for any accounting software used by or on behalf of Defendant.  (*See* Pl.'s Mem., Dkt. 68-1, at 9; *see also* Subpoena, Dkt. 68-5, at 4 (Request No. 8).)  Defendant objects to this request on the ground that such backup files are duplicative of the General Ledger and supporting documentation.  (J. Marcus Decl., Dkt. 69-1, ¶ 18.)  The Court agrees with Plaintiff that such backup files are highly relevant and not duplicative.  As Plaintiff points out, a copy of the electronic backup could contain an "audit trail" that allows Plaintiff "to determine whether any entries have been modified, along with the individual responsible for creating or modifying the entry."  (Pl.'s Mem., Dkt. 68-1, at 9–10.)  A printout of the General Ledger, even with supporting documentation for the listed transactions, would not provide this information.  Defendant also provides no explanation why fulfilling this request would be difficult.  In any event, the request is not disproportionate, considering that Plaintiff has an outstanding judgment against Defendant totaling over $2.4 million.  *Cf. Rafidain*, 281 F.3d at 54 ("[Under Rule 69(a),] the judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor." (alteration in original) (citation omitted)); *Vicedomini*, 2021 WL 620932, at *2 ("As a judgment creditor, plaintiff is entitled to seek information relevant to collecting on its Judgment against [D]efendant[]."); *Libaire*, 760 F. Supp. 2d at 294 (rejecting a generalized assertion that certain document requests "clearly evidence[d] an effort to harass and unduly burden [the subpoenaed party]," and finding that the requests were "sufficiently tailored, given the broad discovery permitted by Rule 69" (citation omitted)).  Accordingly, Defendant is ordered to produce the requested electronic backup files of its accounting software within twenty-one (21) days.

**CONCLUSION**

Plaintiff's motion to compel is granted.  Within **twenty-one (21) days** of the date of this Order, Defendant shall produce: (i) all remaining bank statements since January 1, 2016, for bank accounts in which Defendant has an interest, including but not limited to accounts ending in 4812, 4758, 9150, and 9311; (ii) any electronic backup of its accounting software files used by or on behalf of Defendant since January 1, 2016; and (iii) supporting documentation for the specific categories of General Ledger transactions identified in the Declaration of Howard M. Silverstone (Dkt. 68-2, ¶ 6).  All remaining supporting documentation for General Ledger transactions that Plaintiff requests shall be produced within **sixty (60) days** of the date of this Order.  Defendant is warned that failure to comply with this Order may result in sanctions.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 13, 2021
       Brooklyn, New York